UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYESHA TIPPINS,            Case No. 24-10923

    Plaintiff,                 F. Kay Behm
v.                         United States District Judge

COMMON GROUND,

    Defendant.
_____/

**OPINION AND ORDER ON DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT (ECF No. 17)**

## I. PROCEDURAL HISTORY

Defendant, Common Ground, brings a motion for summary judgment seeking dismissal of the complaint based on defective service of process. (ECF No. 17). Plaintiff, Myesha Tippins, opposes the motion. (ECF No. 19). Common Ground also filed a reply in support of its motion. (ECF No. 24). The court held a hearing on May 14, 2025, and took the matter under advisement. For the reasons set forth below, the court finds that Defendant was not properly served with the summons and complaint.

## II. FACTUAL BACKGROUND

Plaintiff filed this action on April 10, 2024. The summons thus had an

1

expiration date of July 9, 2024.  According to Common Ground, on May 3, 2024, Tippins mailed the Complaint to Common Ground's former address.  Common Ground says that based on the wrong address, the mailing bounced back and forth between USPS offices in Detroit and Pontiac for more than three months.  In any event, Common Ground maintains that the complaint was not served before the summons expired.

On August 22, 2024, Tippins filed a proof of service which claimed that the summons and complaint were mailed on July 5, 2024, to Defendant at 1410 S. Telegraph Rd, Bloomfield Hills, MI 48302 and to the Department of Licensing and Regulatory Affairs (LARA).  (ECF No. 5, Certificate of Service).  According to Common Ground, this mailing was never received.  According to Plaintiff, she attempted to serve Defendant in person at the address listed on LARA, but the location was vacant.  (ECF No. 19-1).  On July 5, 2024, Counsel says she mailed the summons and complaint to LARA and sent the summons and complaint via registered mail to the registered agent's address, at 30200 Telegraph Rd, Suite 300, Bingham Farms MI 48025, but has not submitted a proof of service showing this attempted service.  (ECF No. 19-1).

Plaintiff then filed a request for entry of a default against Common Ground on September 4, 2024.  (ECF No. 6, Request for Default).  On September 5, 2024,

2

the Clerk of the Court denied the default request because there was no proof that Common Ground had been served; more specifically it noted a lack of a green card. (ECF No. 7, Notice of Denial). On September 10, 2025, Common Ground filed an answer to the complaint with affirmative defenses, including the defense that Tippins "has not properly served Defendant with the Summons and Complaint, or otherwise, the Service of Process was not effectuated as required under the court rules." (ECF No. 8, PageID.43, ¶ 2). Common Ground also listed as an affirmative defense that "Defendant was not served with Plaintiff's Complaint prior to the expiration of the Summons issues in this matter by the Court." *Id*. at ¶ 3. Common Ground also raised these defenses in the parties' Rule 26(f) Joint Discovery Plan. (ECF No. 14, § 1).

### III.   ANALYSIS

As explained in *Boulger v. Woods*, 306 F. Supp. 3d 985, 992 (S.D. Ohio 2018), *aff'd*, 917 F.3d 471 (6th Cir. 2019), the Sixth Circuit has noted that summary judgment is an "improper" vehicle to challenge service of process "because the defense 'involves a matter in abatement and does not go to the merits of the action.'" *King v. Taylor*, 694 F.3d 650, 657 n.2 (6th Cir. 2012) (quoting *United States v. Marple Cmty. Record, Inc.*, 335 F. Supp. 95, 101 (E.D. Pa. 1971)). "Nevertheless, when the defense has been preserved in an answer and is

later raised in a pre-trial motion, a court will look past the label chosen by the movant and treat the motion as a request for a ruling on the defense made under ... Rule 12(i)." *Id*.  Because the basis for Common Ground's summary judgment motion is not that it is entitled to judgment on the merits, but that Plaintiff's failure to perfect service deprives this court of personal jurisdiction over Defendant, the court will construe the motion as seeking dismissal under Rule 12(b)(5).  *See Boulger, supra*.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."  *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).  Plaintiff bears the burden of perfecting service of process and showing that proper service was made.  *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

Service on a corporation is controlled by Rule 4(h), which allows service of process on a corporation (1) by delivering a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or law to receive process, and if the agent is authorized by statute and the statute so requires, by mailing a copy to the defendant; or (2) in the manner set forth in Rule 4(e)(1), "which in turn authorizes service upon a

4

corporation in accordance with Michigan state law." The governing state law, Michigan Court Rule 2.105(D)(1), does not permit service by mail on the registered agent, as made clear by reading subsection (D)(1) in conjunction with subsection (D)(2), which includes a registered mail provision. Michigan law allows service on a corporation "by serving a summons and a copy of the complaint on an officer or the resident agent *personally* or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail." *Vasher v. Kabacinski*, 2007 WL 295006, *2 (E.D. Mich. 2007) (emphasis added). And the "deliberate distinction" between subsection (D)(1) and subsection (D)(2) "suggests that the Michigan Supreme Court did not intend that the term 'serving' be interpreted as synonymous with 'mailing.'" *State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor–Silex, Inc.*, 2007 WL 127909, *4 (E.D. Mich. 2007). In this case, Plaintiff only served the summons and complaint by mail, and thus did not comply with either of the proper service options available for service of corporations under Rule 4(h) and Michigan law. Therefore, plaintiff's service of the summons and complaint by registered mail only was not proper under Michigan law. Further, contrary to Plaintiff's suggestion, Defendant's actual notice of the complaint does not serve to cure defective

service of process. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

Plaintiff makes several arguments to avoid the conclusion that proper service was not made. First, she claims that Defendant failed to maintain a registered agent and thus, service was proper under Mich. Ct. Rule 2.105(D)(4). This provision allows services by registered mail to the corporation and the Michigan Bureau of Commercial Services if the corporation has failed to appoint and maintain a resident agent or file a certificate of that appointment as required by law, among other reasons that do not appear applicable here.[1] However, Plaintiff's supporting declaration admits that on May 15, 2024, she was aware of Defendant's resident agent address (30200 Telegraph Rd, Suite 300, Bingham Farms, MI 48025) and even sent that address to process server. (ECF No. 19-1, ¶ 2). Thus, subsection (D)(4) is not applicable as there is no evidence that Defendant failed to appoint or maintain a resident agent. At bottom, Plaintiff offers no explanation as to why she did not or could effect personal service on the resident agent, whose address she admits to knowing and giving to the process server.

---

[1] Service may also be made in this manner if "(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or (c) the corporation's term of existence has expired." Mich. Ct. R. 2.105(D)(4)(b)-(c). Plaintiff does not seem to suggest that either of these provisions are applicable.

Next, Plaintiff contends that Defendant waived that defense under Fed. R. Civ. P. 12(h).  That rule provides:

> (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2) –(5) by:
>
> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2) ; or
>
> (B) failing to either:
>
> (i) make it by motion under this rule; or
>
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Plaintiff does not explain, however, how Defendant waived the defense under this rule.  Rule 12(g)(2) does not apply here because Defendant did not make an earlier motion under Rule 12 and fail to include this defense.  Thus, subsection (1)(A) does not apply.  Further, subsection (1)(B) allows the defense to be preserved by either raising it by motion or including it in a responsive pleading, which is precisely what Defendant did here by including the defense in its list of affirmative defenses that are part of its answer to the complaint.  Thus, the court finds no waiver under Rule 12(h).

Finally, Plaintiff contends that Defendant waived its personal jurisdiction defense through their litigation conduct.  As explained in *Blessing v.*

7

*Chandrasekhar*, 988 F.3d 889, 899 (6th Cir. 2021), a defendant may waive the personal jurisdiction defense if the district court, after "consider[ing] all of the relevant circumstances," determines that the defendant's litigation conduct gave the plaintiff a "reasonable expectation" that the defendant intended to "defend the suit on the merits" or the conduct "cause[d] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Id.* (citations omitted).  Defendant filed its answer on September 10, 2024, in which it raised its affirmative defense of insufficient service of process.  Approximately two months later, Defendant filed the instant motion on November 12, 2024.  In the meantime, Defendant participated in the joint discovery plan, in which it again raised the failure to properly effect service of process, and served its initial disclosures.  After filing its motion, Defendant responded to Plaintiff's written discovery requests and submitted its own discovery requests to Plaintiff.

The court finds Defendant's minimal participation in litigation before filing its motion does not constitute waiver.  Waiver has been found where a defendant participated in litigation for several years before moving to dismiss for lack of personal jurisdiction.  *See Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011).  And in *Boulger v. Woods*, waiver was found even though the defendant had raised his defenses of insufficient service of process and lack of personal jurisdiction in his

8

answer, because he immediately filed a motion for judgment on the pleadings in which he did not include the defenses. 917 F.3d 471, 477 (6th Cir. 2019). This case does present the same kind of active participation found in *Gerber* or *Boulger*. Here, before filing its motion, the only active participation in this litigation was Defendant's participation in the Rule 26(f) report, in which it again raised the insufficient service of process defense, and its service of its initial disclosures in accordance with the court's case management order. The court concludes that, prior to filing its motion, Defendant did not participate in this litigation in a way that would lead Plaintiff to believe that it would not pursue this defense. Moreover, the two-month time frame between filing the answer and filing the motion did not cause the court to engage in any significant efforts that would be wasted if the defense proved successful. *See ABG Prime Grp., LLC v. Innovative Salon Prods*., 326 F. Supp. 3d 498, 505 (E.D. Mich. 2018) (holding that waiting one month after "appearance neither put the court to work nor gave [the plaintiff] the impression that the [defendants] intended to litigate the merits," so "the [defendants] may challenge personal jurisdiction"). For these reasons, the court finds that Defendant's minimal participation in litigation before filing its motion does not constitute a waiver.

**IV.    CONCLUSION**

Accordingly, it is **ORDERED** that Defendant's motion (ECF No. 17) is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**SO ORDERED**.

Date: May 15, 2025                                  s/F. Kay Behm
                                                    F. Kay Behm
                                                    United States District Judge